Filed 6/5/24  P. v. Tell CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RICHARD EUGENE TELL, <br><br> Defendant and Appellant. | B322037 <br><br> (Los Angeles County <br> Super. Ct. No. NA084357-01) |

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Jason Szydlik, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Richard Tell appeals from the summary denial of his petition, filed pursuant to Penal Code[1] section 1172.6 (formerly section 1170.95), seeking to set aside his conviction for attempted manslaughter. On appeal, Tell fails entirely to address the merits of the court's ruling on that petition. Instead, he attempts to use this appeal as a vehicle to raise claims pending in a separate appeal from the denial of a petition filed pursuant to section 1172.75, subdivision (a), arguing that his sentence is unauthorized because stayed enhancements were improperly imposed.[2] Tell's failure to address the substantive issue in this appeal, or to provide legal argument or authority constitutes forfeiture of the issues. Accordingly, we will affirm the order denying the section 1172.6 petition.

## PROCEDURAL BACKGROUND AND DISCUSSION

In 2012, Tell was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)); possession of ammunition (§ 12316, subd. (b)(1)); second degree robbery (§ 211); and attempted manslaughter (§§ 664/192, subd. (a)). Two enhancements were imposed (and stayed) and Tell was sentenced to over 23 years in prison. We affirmed that judgment in 2013 after Tell's counsel filed an appellate brief pursuant to *People v. Wende* (1979)

---

[1] Undesignated statutory references are to the Penal Code.

[2] By letter dated January 25, 2024, Tell's counsel informed this court that the trial court denied Tell's petition for resentencing under section 1172.75, subdivision (a), on the ground Tell was not eligible for resentencing under that statute. This issue is not the subject of this appeal. We take judicial notice of the limited appellate record in Tell's pending appeal, filed January 18, 2024, from that ruling, case No. B336479.

25 Cal.3d 436, in which no issues were raised.  (*People v. Tell* (Feb. 6, 2013, B239244) [nonpub. opn.].)

In April 2022, Tell filed a section 1172.6 petition seeking resentencing.  The petition made the facially and factually inaccurate assertion that Tell had been "convicted of **murder**, **attempted murder**, or **manslaughter** following a trial or [he] accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder."  The trial court summarily denied the petition without conducting an evidentiary hearing, on the grounds that Tell was ineligible for relief under section 1172.6 because he had not been convicted of murder or attempted murder.  This appeal followed.

The sole issue on appeal is whether the trial court erred when it denied his section 1172.6 petition on the ground that the crime of attempted voluntary manslaughter is not included within the scope of available relief under that statute.  (See § 1172.6, subd. (a).)  Tell makes no argument nor relevant assertions of error on this point.  Instead, Tell's briefs are addressed wholly to the assertion that the trial court committed sentencing error by imposing and staying unauthorized enhancements for a prior prison term (§ 667.5, former subd. (b)), and a deadly weapon enhancement (§ 12022, subd. (b)(1)) on his conviction for assault with a deadly weapon.  These claims are squarely at issue and remain to be addressed in Tell's separate appeal pending under case No. B336479.

Every brief should contain a legal argument with citation of authorities on the points at issue.  If none is furnished, the court may treat it as waived.  (See *People v. Hovarter* (2008) 44 Cal.4th 983, 1029 [failure to provide meaningful analysis and citation to supporting authority constitutes forfeiture on appeal]; *People v.*

*Stanley* (1995) 10 Cal.4th 764, 793.)  We do so now and affirm the trial court's denial of Tell's section 1172.6 petition.  We decline Tell's request that we take judicial notice of two post judgment minute orders and an amended abstract of justice as these filings are not necessary or helpful to our analysis.  (*People v. Martinez* (2000) 22 Cal.4th 106, 132–133.)

## DISPOSITION

The order denying the petition for relief under section 1172.6 is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



STRATTON, P. J.

We concur:



GRIMES, J.



WILEY, J.

4